PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE _Northern_ DISTRICT OF TEXAS
### _Wichita Falls_ DIVISION

_Raymond Cobb #1306425_
Plaintiff's Name and ID Number

_Hughes Unit - TDCJ_
Place of Confinement

CASE NO. _7:23-cv-121-O_
(Clerk will assign the number)

v.

_Bryan Collier - Executive Director TDCJ_
_Allred Unit_
Defendant's Name and Address

_J. Smith - Sr. Warden, Allred Unit_
Defendant's Name and Address

_Sgt. Rushing - Allred Unit_
Defendant's Name and Address
( DO NOT USE "ET AL.")

NORTHERN DISTRICT OF TEXAS
FILED

APR - 5 2024

CLERK, U.S. DISTRICT COURT
By _____ Deputy

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  **PREVIOUS LAWSUITS:**

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _2012_

        2. Parties to previous lawsuit:

            Plaintiff(s) _Raymond Cobb, Robbie Goodman, William Casey_

            Defendant(s) _Lori Davis, Executive Director of TDCJ_

        3. Court: (If federal, name the district; if state, name the county.) _Southern District of Texas_

        4. Cause number: _2:12-cv-166_

        5. Name of judge to whom case was assigned: _Nelva Gonzales Ramos_

        6. Disposition: (Was the case dismissed, appealed, still pending?) _Judgement in Favor of Plaintiff_

        7. Approximate date of disposition: _January 24, 2019_

Rev. 05/15

1. Approximate date of filing Lawsuit : 2023
2. Parties to Lawsuit :
       Plaintiff : Raymond Cobb et.al.
       Defendant : Bryan Collier
3. Court : Western District of Texas
4. Cause number : W-23-CA-089-ADA
5. Name of Judge : Alan D. Albright
6. Disposition : Dismissed Without Prejudice
7. Date of disposition : August 4, 2023

2 - B

II.   PLACE OF PRESENT CONFINEMENT: _Alfred Hughes Unit, Gatesville Texas_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Raymond Cobb #1306425, 3201 FM 929,_
_Hughes Unit - TDCJ, Gatesville Tx 76597_

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Bryan Collier, Executive Director - TDCJ_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Deliberate indifference to court order allowing long hair. (See attached Original Complaint)_

Defendant #2: _J. Smith, Senior Warden at Allred Unit in_
_Iowa Park Texas._

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Deliberate indifference to Court order allowing long hair (see attached original Complaint)_

Defendant #3: _Sgt. Rushing, Sgt. of Correctional Officers at Allred_
_Unit in Iowa Park Texas_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Deliberate indifference to court order allowing long hair (see attached original complaint)_

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Rev. 05/15

3

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On January 5th 2022 Plaintiff arrived on Allred Unit. Plaintiff first met with warden Smith about his long hair, where Smith was made aware of plaintiffs' Court Order. Smith admitted plaintiff would "have problems." Later Sgt. Rushing through threats of pepper spray, use of force and disciplinary action forced plaintiff to cut his hair. Bryan Collier is directly responsible for ensuring all court orders are followed. Deliberate indifference from all three. See attached copy of original complaint.

VI.   RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Declaratory relief, injunctive relief to prevent future violations, Compensatory damages for violation of rights, Punitive damages for ignoring court order.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Raymond Cobb    ,    Bo (childhood nickname)

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#1306425   (05275682 CID#)   #999221

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1.   Court that imposed sanctions (if federal, give the district and division): _____

   2.   Case number: _____

   3.   Approximate date sanctions were imposed: _____

   4.   Have the sanctions been lifted or otherwise satisfied?          ____YES ____NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date warning was issued: _____

Executed on: 2-4-24
        DATE

*Raymond Cobb*

*Raymond Cobb*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____4th_____ day of _____February_____, 20_24_.
        (Day)          (month)          (year)

*Raymond Cobb*

*Raymond Cobb*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Texas Department of Criminal Justice

3·A·53 AH

# STEP 1

Cobb, Raymond

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2022051060

Date Received: JAN 1 1 2022

Date Due: 02-20-22

Grievance Code: 812

Investigator ID #: I-1456

Extension Date:

Date Retd to Offender: MAR 0 2 2022
Received at AH →

Offender Name: Raymond Cobb    TDCJ # 1306425

Robertson    Housing Assignment: ~~Holly AH 11~~

Unit where incident occurred: J. Allred Unit @AH

3-A-53

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sgt. Rushing    When? 1-5-22

What was their response? She wouldn't listen to anything I said. Only issued threats.

What action was taken? I was forced to have my hair cut off.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Since being transferred from McConnell Unit I have been harassed and retaliated against by TDCJ Security Staff. This retaliation is because of being Native American with long hair. This retaliation escalated to an extreme level on January 5, 2022 when I arrived at Allred Unit. I was temporarily kept in 7 Bldg. Multi-purpose room before being housed. From there I attended UCC led by Warden Hooper, where he was made fully aware of the issues surrounding my long hair. I later returned to 7 Bldg. awaiting housing. At 11:15 AM at 7B desk, Sgt. Rushing told me to get in the line for a haircut. I explained to her that I am Native American and authorized to have my hair long. She said, "No you're not, nobody's got long hair. I don't care who you are, you're cutting that hair." I tried to explain to her, "I have the paperwork from Federal Court that authorizes me to grow long hair. May I show it to you?" She said, "No, I'm not looking at any paperwork, I'm giving you a direct order, cut that hair." I asked her, "Will you please call Warden Hooper, because I just left from seeing him at UCC and is aware of my hair?" She said, "I'm not calling anyone. I'll tell you what, you either get in the barbershop and cut that hair, or I lock you up right now." Her name tag was covered up by her jacket, so I asked if I could have her name. She told me, "No, you don't need my name, you're not writing a grievance on me about anything. Trust me, I'll make sure you lose all the way around. Get in that line. One more word from you and I'll spray you and lock you up." TDCJ policy demands that an inmate obey a guards' order (even when those orders are wrong) then seek redress later. Under the threat of being physically, pepper sprayed, locked up and written major discipline cases I was forced to submit to having my hair cut off. Her actions are a direct violation of a Federal Court order, and her words carried the direct threat of retaliation if I reported it. I am one of three Native American offenders from McConnell Unit who gained the Religious Right to grow their hair long. Federal Judge Ramos from the United States District Court

---

**I-127 Front** (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

for the Southern District of Texas Houston Division on February 26, 2019 issue her order in the case of Goodman, Casey, Cobb vs Davis No. 2:12-CV-166. This order, ... prohibited T.J from enforcing its male grooming policy against Cobb with respect to the rules preventing Inmates from gr. their hair without restriction in length ..." The Texas Attorney General, the Director of TDCJ, the Administrative and Security staff at McConnell Unit were know about this issue. It is the responsibility of the Administrators of TDCJ to ensure this Federal Order is followed throughout the system and this wasn't done. This harassment and retaliation can therefore only be deliberate.

**Action Requested to resolve your Complaint.** This harassment and retaliation to stop. This incident be well documented. I be returned to my Native American Services on McConnell Unit with my previously earned privileges reinstated in full; job, dorm housing, Craft Shop, e

**Offender Signature:** Raymond Cobb                          **Date:** 1-9-22

**Grievance Response:**

The investigation of this grievance is complete. After a thorough investigation to include review of video surveillance, Sgt. Rushing was observed behind a secured desk fence during the entire conversation with you concerning the length of your hair. You expressed to Sgt. Rushing that long hair was allowed at your previous unit; however, you never stated to Sgt. Rushing that you had long hair due to religious or cultural reasons. Sgt. Rushing did not initiate Use of Force protocols, call for disruptive inmate, or any other measures to order Use of Force under the circumstance mentioned in this grievance, nor does Sgt. Rushing have the authority to order Use of Force under this circumstance. Furthermore, the expectation of inmate compliance is recommended; however, the Inmate Disciplinary System, Inmate Grievance System, and a request to speak to officials are avenues provided to all inmates and used frequently to resolve compliance issues. Moreover, you are aware of these avenues, and you have access to documents explaining these processes. No merit could be found to suggest that you were subjected to harassment and/or retaliation due to your being Native American. This is for your information. No further action is warranted.

**J. Smith, Sr. Warden**

**FEB 16 2022**

**Signature Authority:** _____                          **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission          UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Rec'd from Offender:_____

Date Returned to Offender:_____

2nd Submission          UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Rec'd from Offender:_____

Date Returned to Offender:_____

3rd Submission          UGI Initials:_____

Grievance #:_____

Screening Criteria Used:_____

Date Rec'd from Offender:_____

Date Returned to Offender:_____

Appendix

188-34B

**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2022051060

UGI Recd Date: 3/15/22

HQ Recd Date: MAR 1 8 2022

Date Due: 04.24.22

Grievance Code: 812

Investigator ID#:

Extension Date: 6/3/22

Offender Name: Raymond Cobb    TDCJ # 1306425

Unit: Hughes    Housing Assignment: 3 A 53 T

Unit where incident occurred: J. Allred Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).    I am dissatisfied with the response at Step 1 because...**

In the Step 1 Grievance Response NO regard was shown to what I wrote in my Step 1 at all. In the response it states, "You expressed to Sgt. Rushing that long hair was allowed at your previous unit, however, you never stated to Sgt. Rushing that you had long hair due to religious or cultural reasons." This was an outright lie because long hair isn't allowed on any male units in TDCJ. A I put in my Step 1, my first statement to Sgt. Rushing was, "I am Native Americ and authorized to have my hair long." And then I further explained to her I ha a Federal Court Order that I could show her. She didn't care.

Further proof that what I wrote in my Step 1 wasn't considered is that th Grievance Response states, "Sgt Rushing did not initiate Use of Force protocols... No where in my Step 1 did I write she initiated Use of force. I stated tha she Threatened me with Use of force and Pepperspray, if I didn't comply with her orders. Threats of physical harm.

Further the Grievance Response states, "... a request to speak to officia are avenues provided to all inmates and used frequently to resolve Complience iss. As I clearly stated in my Step 1, I told Sgt. Rushing, "Will you please call War Hooper, because I just left from seeing him at UCC and he is aware of myth

Sgt. Rushing rejected every plea I made to her, from being Native Americ to having a Federal Court Order, to speaking to Warden Hooper. Under the fear Sgt. Rushing would follow through with her threats I was forced into a haircut. Step 1 Grievance Response clearly shows my complaint wasn't taken seriously and sincerely investigated. The Response seems more geared

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

I-128 Front (Revised 11-2010)

Appendix G

toward diverting blame and covering up the violation to my right to grow my hair due to my religious beliefs.

**Offender Signature:** Raymond Cobb          **Date:** 3-14-22

**Grievance Response:**

Your grievance has been reviewed. Your allegation against Sgt Rushing could not be substantiated however on 1/10/2022 you were approved to grow your hair. Prior to 1/10/2022 you should have been in compliance with grooming standards. No action is warranted by this office.

JUN 3 0 2022

**Signature Authority:** J. Back & Back          **Date:** _____

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3ʳᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

23, October, 2023

Clerk, U.S. District Court
Southern District of Texas- Corpus Christi
1133 North Shoreline, Rm. 208
Corpus Christi, Texas, 78401

RE:  Civil Rights Complaint & IFP Application

Dear Clerk:

Enclosed, please find my Civil Rights Lawsuit stemming from violation of Judge Nelva Gonzales Ramos' order in Case No. 2:12-cv-166, respectively.

I please request that you file, and bring to the attention of the Court, at your earliest of convenience, the enclosed for consideration.

I appreciate your assistance!

Respectfully,

Raymond Cobb # 1306425
Hughes Unit-TDCJ
3201 FM 929
Gatesville, Texas, 76597

Pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RAYMOND COBB,                        )
                                     )
        Plaintiff,                   )
                                     )
                                     )
                                     )
v.                                   )    Case No. _____
                                     )
                                     )    CIVIL RIGHTS COMPLAINT
                                     )         VERIFIED
                                     )
BRYAN COLLIER, Executive             )
Director-TDCJ; J. Smith, Sr,         )    Trial By Jury Demanded
Warden at Allred Unit; Sgt.          )
Rushing, Correctional Officer        )
at the Allred Unit: sued in both     )
their individual and official        )
capacities.                          )
                                     )
        Defendants.                  )
_____ )


COMES NOW, RAYMOND COBB # 1306425, plaintiff pro se, and
presents this civil rights complaint and claims for compensatory,
declaratory, and injunctive relief under § 1983 for the following:


I.

INTRODUCTION

1. This lawsuit presents to this Court involving defendants
from the Allred Correctional Facility-TDCJ and also from the TDCJ
Executive Director's Office, charged with the custody and care
of the plaintiff both past, and current under TDCJ Grooming
Policy.

2. This complaint alleges a violation of a previous order
issued by this Court on January 24, 2019, permitting plaintiff

1.

to wear his hair long in respect to his Native American Faith, and preventing retaliation and harrassment related to it.

## II.

## PARTIES

3. RAYMOND COBB # 1306425 ("Plaintiff") is currently serving his prison sentence at the Hughes Unit located in Gatesville, Texas, in Coreyell County. At all times relevant to this action, plaintiff was housed at the Allred Unit located at 2101 FM 369 North, Iowa Park, Texas, 76367, and subsequently at the Hughes Unit where he resides today.

4. Bryan Collier is the Executive Director for TDCJ who at all times relevent to this action was/is responsible for policy implementation and enforcement to include orders from this Court as issued on January 24, 2019.

5. Defendant J. Smith, Sr, was/is the Warden at the Allred Unit, charged with the custody and care of plaintiff, with direct oversight of plaintiff's institutional grievances and concerns. At all times relevant to this complaint, Warden Smith had the duty to enforce this Court's order and to hold staffing accountable for violation's to plaintiff's constitutional rights.

6. Defendant Sgt. Rushing was/is a correctional officer employed at the Allred Unit at all times relevant to this complaint.

7. At all times, defendants acted under the authority and color of State Law. They are hereby sued in their official capacity

for injunctive relief, and in their personal capacity, both
cumulatively and separately, for declaratory and compensatory
relief.

## III.

## JURISDICTION

8. Jurisdiction is asserted pursuant to the United States
Constitution and 42 U.S.C. § 1983, to redress the deprivation of
those rights secured by the United States Constitution, deprived
by persons acting under color of state law. The Court has total
jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331,
1343(a)(3), and also in relation to an order already issued by it
in case number 2:12-cv-166 related to the plaintiff, on January
24, 2019.

9. Plaintiff's claim for injunctive relief is authorized
under 28 U.S.C. §§ 2283, 2284.

10. The United States District Court for the Southern District
of Texas - Corpus Christi Division, is the appropriate venue for
trial pursuant to 28 U.S.C. §1391(b)(2); this is where this Court
issued the order that defendant's violated and continue to pose
harrassment and threat.

## IV.

## PREVIOUS LAWSUITS

11. Plaintiff has been a party to a previous lawsuit in this
Court, in Case No. 2:12-cv-166 relative to conditions that are
represented in this complaint.

3.

V.

## STATEMENT OF THE FACTS

12. On January 24, 2019, in Case No. 2:12-cv-166, this Court issued an order granting plaintiff the right to observe his faith of Native American by growing his hair long. At that time, the plaintiff was housed at the McConnell Unit in Beeville, Texas, 78102.

13. Shortly after this Court issued an order approving for plaintiff to wear his hair long in contradiction to TDCJ grooming policy and in observance of his Native American Faith, TDCJ had plaintiff transferred to a Non-Native American Designated Unit where he was unable to observe his faith at all, on the Allred Unit in Iowa Park, Texas.

14. On January 5, 2022, plaintiff arrived at the Allred Unit and was confronted by Sgt. Rushing ("Defendant") who threatened to "lock up" and "spray with pepper spray" the plaintiff if he refused to cut his long hair.

15. Plaintiff advised Sgt. Rushing that he had a Court order allowing him to wear his hair long in recognition of his faith, and requested that she contact the Warden, Defendant J. Smith, Sr. Warden of the Allred Unit. She refused.

16. Fearing use-of-force and detention lockup post disciplinary, plaintiff submitted during prayer, to having his hair cut to the TDCJ Grooming Standard, by force and fear.

17. Plaintiff immediately utilized the prison grievance system only to receive further oppression and systematic discrimination

at the hands of J. Smith, Sr., Warden, followed by J. Back at the Regional TDCJ level.

18. Since that instant, and continually, despite TDCJ having "Amended" its' Grooming Policy to "accomodate long hair", plaintiff along with other Native American Faith follower's have been subjected to continued threat and possibility of having their hair cut, and flat-out discriminatory and prejudicial treatments at the hands of the dominant Christian administration of TDCJ.

19. This Court's order issued on February 26, 2019, in Case No. 2:12-cv-166 has largely been ignored and displaced by TDCJ Administration, as well as the defendant's in their actions post order.

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff has timely exhausted all available remedies administratively prior to filing this complaint, in Grievance No. 2022051060, and remains within the Two-Year statute of limitation to bring forth this complaint.

## VII.

## CAUSE OF ACTION

21. Defendant Bryan Collier, acts with deliberate indiference to this Court's prior order allowing plaintiff to wear his hair long by providing an "escape clause" in the TDCJ Grooming Policy allowing administration to harrass and retaliate against plaintiff

5.

for his long hair, violating plaintiff's civil rights, and constituting cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States, as well as violation of RLUIPA and Equal Treatments Clause under the Fourteenth and Fourth Amendments of the Constitution.

22. Defendant J. Smith, acted with deliberate indifferece to his subordinate employee who violated this Court's order, and also violated plaintiff's constitutional rights under the Eighth Amendment of the United States Constitution.

23. Defendant Sgt. Rushing, acted with deliberate indifference to plaintiff's constitutional rights as well as this Court's order. Further, for retaliation by threatening to "pepper spray" and "lock up" plaintiff when he detailed his order permitting him to legally circumvent the TDCJ Grooming Policy, in violation of the Eighth Amendment of the United States Constitution.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter an order:

24. Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated Plaintiff's rights as well as this Court's previous order, and further stating the defendants' duties with respect to those rights;

25. Issuing injunctive relief order TDCJ and the defendants

must follow, preventing them from cutting his hair for any purpose, or from threatening or harrassing him for having his long hair, or for being Native American;

26. Awarding compensatory damages for the unnecessary cutting of his hair in violation of this Court's previous order instructing TDCJ not to, for the retaliation of transferring plaintiff to a non-Native American Prison where he could not practice his faith, and for the harrassment and retaliation forcing him to cut his hair in fear of disciplinary action and physical force, in an amount necessary to prevent further violation's by TDCJ and the defendant's, in no event less than $100,000.00 since the defendant's have ignored this Court's prior order; and

27. Any other relief that this Court may deem just and proper but not named here, specifically.

28. Trial by jury is hereby demanded on all alleged claims herein, and the parties are hereby given notice pursuant to Fed. R. Civ P. 38(a)-(c).

Respectfully submitted this 23rd day of October, 2023.

Raymond Cobb #1306425
Hughes Unit
3201 FM 929
Gatesville, TX, 76597

Pro se

IX.

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Raymond Cobb, declare and verify, under penalty of perjury under the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Dated this 23rd day of October, 2023.

Raymond Cobb #1306425

8.

04, February, 2024

Clerk, U.S. District Court
Northern District of Texas
Wichita Falls Division
1000 Lamar Street, Room 203
Wichita Falls, Tx    76301

    RE: Civil Action No. 7:23-cv-121-0
       Courts' Order to File Amended Complaint on Courts'
       Form.

Dear Clerk,

    Enclosed, please find my Amended Complaint
on the Courts form as ordered.

    I appreciate your assistance.

Respectfully,

    Raymond Cobb

    Raymond Cobb #1306425
    Hughes Unit - TDCJ
    3201 FM 929
    Gatesville, Tx 76597
    Pro se



Raymond Cobb # 1306425
Hughes Unit - TDCJ
3201 FM 929
Gatesville, Tx 76597

Legal Mail

APR - 2024

United States District Court
Northern District of Texas
Wichita Falls Division
1000 Lamar Street, Room 203
Wichita Falls, Texas 76301